## American Tr. Ins. Co. v Orthopro Servs., Inc.

2024 NY Slip Op 30911(U)

March 19, 2024

Supreme Court, New York County

Docket Number: Index No. 650836/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**                           PART                    14
                                            *Justice*

------------------------------------------------------------------------X

AMERICAN TRANSIT INSURANCE COMPANY

                           Plaintiff,

                   - v -

ORTHOPRO SERVICES, INC. A/A/O GULMIRA
JOLDYBAYEVA,

                     Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650836/2022 |
| MOTION DATE | 04/04/2022[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

were read on this motion to/for            CONFIRM/DISAPPROVE AWARD/REPORT            .

The cross-petition by respondent to confirm the underlying arbitration awards is granted.

**Background**

Petitioner brings this proceeding to vacate a lower arbitrator's award and a master arbitration award on the ground that these awards incorrectly found that petitioner had insured the subject vehicle.  It alleges that the insured (a livery) switched insurers and on the first day of the new policy, November 28, 2017, the vehicle was in an accident. Petitioner alleges that the documentary proof it submitted shows that it did not insure the subject vehicle on the day of the accident and so it was entitled to disclaim coverage.

Respondent cross-moves to confirm the award and argues that the lower arbitrator properly relied upon an affidavit from petitioner which stated that the policy was cancelled on

---

[1] Although this proceeding was only transferred to the undersigned in the last few days, the Court recognizes that it has been pending for some time before different judges.  The Court apologizes for the lengthy delay in the resolution of this proceeding.

**650836/2022   AMERICAN TRANSIT INSURANCE COMPANY vs. ORTHOPRO SERVICES, INC.**          **Page 1 of 4**
**A/A/O GULMIRA JOLDYBAYEVA**
**Motion No.  001**

1 of 4

November 28, 2019 (petitioner says this was a scrivener's error). It claims that the master arbitrator then properly upheld the award and noted that the decision did not turn solely on the apparent scrivener's error in the affidavit from petitioner. Respondent emphasizes that this Court's role when evaluating this proceeding is only whether the awards were rational; it points out that de novo review is not permissible here. It also demands legal fees incurred in connection with this proceeding.

Petitioner did not submit a reply.

**Discussion**

The Court's analysis begins with the arbitrators' awards. The lower arbitrator noted that "I find that [petitioner] failed to sufficiently demonstrate that [petitioner] did not insure the vehicle at issue on the date of the accident. [Petitioner]'s affidavit conceded that [Petitioner] provided coverage for the period up until March 1, 2018 and that the coverage was not canceled by the insured until November 28, 2019, two years after the motor vehicle accident at issue. It is unclear if [Petitioner]'s underwriter made an error in his affidavit or that the coverage was not canceled until November 28, 2019 and I decline to speculate. It was [Petitioner]'s burden to establish its defense and I find that the DMV search, alone, was insufficient to establish lack of coverage" (NYSCEF Doc. No. 4 at 3). The lower arbitrator awarded respondent $1279.58 (*id.*).

The Master Arbitrator then confirmed the award. He added that "Contrary to the view espoused by Appellant's counsel, the Award did not turn solely on an asserted scrivener's error in an affidavit authored by the carrier's Director of Underwriting, but also rested upon the Police Accident Report which identified American Transit Insurance Company (hereinafter ATIC) as the insurer of the host vehicle on the date of loss. Notably, the attending police officer recorded

**650836/2022  AMERICAN TRANSIT INSURANCE COMPANY vs. ORTHOPRO SERVICES, INC.**
**A/A/O GULMIRA JOLDYBAYEVA**
**Motion No. 001**

**Page 2 of 4**

[* 2]

2 of 4

the insurance code number assigned to ATIC in the corresponding blank on the subject report" (*id*. at 13 of 16).

The Court sees no basis to disturb these awards. Petitioner's arguments amount to a disagreement with the awards and that is not a basis to disturb an arbitration award. CPLR 7511 provides just four grounds for vacating an arbitration award, including that the arbitrator exceeded his power, which "occurs only where the arbitrator's award violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power. Mere errors of fact or law are insufficient to vacate an arbitral award. Courts are obligated to give deference to the decision of the arbitrator, even if the arbitrator misapplied the substantive law in the area of the contract" (*NRT New York LLC v Spell*, 166 AD3d 438, 438-39, 88 NYS3d 34 [1st Dept 2018]).

The fact is that the lower arbitrator did not embrace petitioner's argument that there was a scrivener's error regarding the cancellation date of the policy and the master arbitrator noted that there were other bases to conclude that the policy was not yet cancelled on the date of the accident. It is not this Court's role to second guess an arbitration award, especially where the arbitrator was required to assess an argument from petitioner that *an affidavit it submitted* did not say what it clearly said. [2] In other words, it was the arbitrator's role to determine how to evaluate the subject affidavit, whether the purported scrivener's error should be overlooked and the overall evidence.

The Court observes that because petitioner did not submit a reply, respondent's request for legal fees is granted without opposition.

Accordingly, it is hereby

---

[2] To the extent that petitioner demands a de novo review, that claim is without merit as the amount awarded here did not meet that threshold (*see* Insurance Law § 5106[c]).

**650836/2022   AMERICAN TRANSIT INSURANCE COMPANY vs. ORTHOPRO SERVICES, INC.**            **Page 3 of 4**
**A/A/O GULMIRA JOLDYBAYEVA**
**Motion No.  001**

ADJUDGED that the cross-petition to confirm the underlying arbitration awards is granted and the Clerk is directed to enter judgment in favor of respondent and against petitioner in the amount of $1279.58 plus statutory interest from the date of the arbitration award, plus the master arbitrator's fee of $185.25 as well as reasonable legal fees in the amount of $927.50 and costs and disbursements, all upon presentation of proper papers therefor.

(The Court declines to award "prospective Marshall's [sic] fees" as requested by respondent).

_3/19/2024_
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**650836/2022   AMERICAN TRANSIT INSURANCE COMPANY vs. ORTHOPRO SERVICES, INC.**          **Page 4 of 4**
**A/A/O GULMIRA JOLDYBAYEVA**
**Motion No.  001**

[* 4]                                                              4 of 4